642 P.2d 604

**FOUNDATION RESERVE INSURANCE COMPANY, INC., Plaintiff-Appellant,**

v.

**Floyd MULLENIX, James Mullenix and Faye Mullenix, d/b/a Tucumcari Wrecking Co., Aetna Casualty & Surety, a corporation, and Quaker Storage Company, a corporation, Defendants-Appellees.**

**No. 13778.**

Supreme Court of New Mexico.

March 17, 1982.

Rodey, Dickason, Sloan, Akin & Robb, Jonathan W. Hewes, Albuquerque, for plaintiff-appellant.

Brockman & Cihak, Don W. Cihak, Tucumcari, Shaffer, Butt, Thornton & Baehr, Jimmie V. Reyna, Albuquerque, for defendants-appellees.

OPINION

FEDERICI, Justice.

This is an appeal from Bernalillo County District Court. Foundation Reserve Insurance Company, Inc. (appellant) sought a declaratory judgment to the effect that it had no duty to defend Mullenix (appellees) under the terms of an insurance policy issued by appellant to appellees. The trial court granted summary judgment in favor of appellees, concluding that appellant had

a duty to defend under the policy. We affirm the trial court.

The facts show that appellant issued basic automobile insurance to appellees James and Faye Mullenix, doing business as Tucumari Wrecking Company. The pertinent parts of the policy provide:

> [S]ubject to the limits of liability, exclusions, conditions and other terms of this policy:

> \* \* \* \* \* \*

> *Coverage B—Property Damage Liability.* To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile.

> \* \* \* \* \* \*

> With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:

> (a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; \* \* \*.

The policy provides the following exclusion:

> Except upon prior payment of the specific applicable premium therefor this policy does not apply:

> \* \* \* \* \* \*

> (f) under coverage B, to injury or destruction of property owned or transported by an insured, or property rented to or in charge of an insured other than a residence or private garage injured or destroyed by a private passenger automobile covered by this policy; \* \* \*.

On June 27, 1979, a tow truck covered by the policy, driven by appellee, Floyd Mullenix, was involved in an accident. The accident resulted in damage to a tractor-trailer rig being towed at the time and belonging to Quaker Storage Company. Quaker Storage Company, through its subrogee, Aetna Casualty & Surety, filed an action against appellees on September 26, 1980, in Quay County District Court, seeking to recover for damages to the tractor-trailer rig. On February 18, 1981, appellees made a demand that appellant defend the Quay County action. Relying on Exclusion (f) of the policy, appellant denied it had a duty to defend the action. Appellant claimed the action involved injury to property "transported" or "in charge of" the insured. In an effort to resolve the dispute, appellant brought the current action seeking declaratory relief.

The issue on appeal is whether appellant has a duty to defend under the insurance policy even if it can show in this collateral proceeding that it has no duty to pay under the terms of the policy.

This jurisdiction recognizes the distinction between an insurer's duty to defend under the terms of an insurance policy and the duty to pay under the terms of the same policy. *American Employers' Ins. Co. v. Continental Cas. Co.*, 85 N.M. 346, 512 P.2d 674 (1973); *Lujan v. Gonzales*, 84 N.M. 229, 501 P.2d 673 (Ct.App.), *cert. denied*, 84 N.M. 219, 501 P.2d 663 (1972). The general rule is stated in *American* as follows:

> "If the allegations of the injured third party's complaint show that an accident or occurrence comes within the coverage of the policy, the insurer is obligated to defend, regardless of the ultimate liability of the insured. The question presented to the insurer in each case is whether the injured party's complaint states facts which bring the case within the coverage of the policy, not whether he can prove an action against the insured for damages. The insurer must also fulfill its promise to defend even though the complaint fails to state facts with sufficient clarity so that it may be determined from its face whether or not the action is within the coverage of the policy, provided the

alleged facts tend to show an occurrence within the coverage."

*Id.* 85 N.M. at 348, 512 P.2d at 676.

The pertinent parts of the complaint in this case read as follows:

### III.

On or about June 27, 1979, the defendant, Floyd Mullenix, did so negligently operate a tow/wrecking truck as the agent, servant and employee of the defendant/owner, Tucumcari Wrecking, so as to cause damage to the plaintiff's insured, Quaker Storage; * * *.

### IV.

As a proximate result of the negligence of the defendant, Floyd Mullenix and Tucumari Wrecking, the aforementioned tractor trailer rig owned by Quaker Storage was damaged to the extent of $2,094.00.

The language in the complaint is ambiguous as it does not allege that the tractor-trailer rig was being towed. As it now stands, the complaint tends to show an occurrence within the coverage of the policy. The policy covers property damage resulting from an accident where the insured vehicle causes damage to other property. Thus, the complaint filed in this case alleges facts within the coverage of the policy, and it is the duty of the insurer to undertake the defense even though its own investigation has revealed that the claim sued upon is not in fact covered. *Campidonica v. Transport Indemnity Company,* 217 Cal. App.2d 403, 31 Cal.Rptr. 735, 738 (1968); *See* Annot., 41 A.L.R.2d 434 (1955); 7C J. A. Appleman, Insurance Law and Practice § 4684 (1979). Under the pleadings in this case, the requirements set forth under the general rule stated in *American Employers' Insurance Co., supra,* are met.

Appellant seeks in this action for declaratory relief, to establish actual facts either contrary to or not alleged in the complaint, thereby relieving appellant from a duty either to defend or to pay under the terms of the policy as a matter of law. Appellant's argument that once nonliability for noncoverage is established the duty to defend ceases, is not without some merit. However, under our present practice of notice pleading the applicable rule in cases of this nature has changed.

Prior to the advent of notice pleading, variances of proof and pleading were less likely to occur than under our modern rules. *See Lee v. Aetna Casualty & Surety Co.,* 178 F.2d 750 (2d Cir. 1949). Under notice pleading, the evidence in a case may establish liability or coverage different from that alleged in the pleadings or otherwise anticipated by the parties.

We hold that the trial court was correct in granting summary judgment in favor of appellees and in denying the declaratory relief sought by appellant. We believe that a determination of whether the exclusionary provision in this policy applies in this case should be determined in the primary action brought in Quay County. The provision of the policy relating to the duty of the insurer to defend under the terms of the insurance policy reads: "[T]he company shall: (a) defend any suit against the insured * * * even if such suit is groundless, false or fraudulent; * * *."

Under this provision, and *American Employers' Ins. Co. v. Continental Cas. Co., supra,* the insurer is under a duty to defend the insured in the primary action until the court finds that the insurer is relieved of liability under the noncoverage provision of the policy. We believe this is the better rule because it prevents multiple suits and avoids the expense to insured of defending a collateral action brought by the insurer for a declaration of the insurer's obligation to defend under the policy.

The trial court is affirmed.

IT IS SO ORDERED.

EASLEY, C. J., and SOSA, Senior Justice, concur.