733 P.2d 854

**INSURANCE COMPANY OF NORTH AMERICA and the Bankruptcy Estate of Ben Paul Jones, Plaintiff-Appellees, Cross-Appellees,**

v.

**WYLIE CORPORATION, Defendant, Third-Party Plaintiff-Appellee, Cross-Appellant,**

v.

**MOUNTAIN STATES MUTUAL CASUALTY COMPANY, Third-Party Defendant-Appellant.**

**No. 16295.**

Supreme Court of New Mexico.

Feb. 25, 1987.

George Wright Weeth, Butt, Thornton, Baehr, P.C., Albuquerque, for plaintiff-appellees, cross-appellees.

Charles J. Noya, Villella, Skarsgard & Noya, P.A., Albuquerque, for defendant, third-party plaintiff-appellee.

Cynthia A. Fry, Civerolo, Hansen & Wolf, P.A., Albuquerque, for third-party defendant-appellant.

**OPINION**

WALTERS, Justice.

Plaintiffs Insurance Company of North America (INA) and the Bankruptcy Estate of Ben Paul Jones filed suit against defendant Wylie Corporation claiming subroga-

tion for damages to a truck owned by Jones. Wylie then filed a third-party complaint against its insurer, Mountain States Mutual Casualty Company (Mountain States), alleging damages for failure to provide a defense, and for indemnification of any judgment awarded to INA against Wylie.

The trial court, sitting without a jury, found in favor of INA against Wylie. The trial court also entered judgment against Mountain States requiring it to indemnify Wylie for the award to INA, and further awarded Wylie costs and attorney fees. From that judgment Mountain States appeals. Wylie cross-appeals, maintaining that the trial court erred in failing to find that Wylie was provided coverage under INA's policy with Jones. We reverse.

At the time of the accident, Jones was working for Wylie as an independent contractor. According to the trial court's findings, Jones, using his own trucks, would haul material from a pug mill to scales where his truck was weighed. He would then proceed to the road bed where his loaded truck would wait in line in front of a caterpillar/spreader. As the caterpillar/spreader reached each truck in line, the truck would raise its dump box to unload into the spreader box. The caterpillar would then use the spreader box to push each truck forward, spreading the contents of the truck's dump box. During this spreading process, the truck being pushed would be in neutral gear, and its driver would have no control over the distance or speed his truck was pushed.

On June 12, 1980, Jones was in the process of dumping the contents of his truck into the spreader box. The caterpillar, which was being operated by a Wylie employee, pushed the truck forward into the truck ahead of Jones, causing damage to Jones's truck.

INA, Jones's insurer, paid $6,613.49 to repair Jones's truck and claimed subrogation to Jones's rights against Wylie. Wylie notified Mountain States of the accident and demanded that Mountain States defend Wylie against the lawsuit which INA and the bankruptcy estate of Jones had filed. Mountain States refused to defend Wylie. On appeal Mountain States contends that, as a matter of law, the trial court erred in ruling that it must indemnify Wylie and pay Wylie's costs and attorney fees.

## I.

Mountain State's insurance policy provided to Wylie comprehensive general liability coverage and comprehensive automobile liability coverage. In its cross-appeal it argues, and we agree, that neither the general coverage nor the automobile liability coverage apply to cover the damage to Jones's vehicle.

Under the comprehensive general liability provisions, Mountain States agreed to pay on behalf of Wylie "all sums which the insured shall become legally obligated to pay as damages because of * * * property damage to which the insurance applies * *'" Excluded from that coverage, however, was "damage to * * * property used by the insured, or * * * in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control * * * *'"

The comprehensive automobile liability provision contained essentially the same exclusion. That portion excludes from coverage "property damage to * * * property * in the care, custody or control of the insured, or to which the insured is for any purpose exercising physical control * * *'"

On the other hand, the INA policy provided that, in addition to Jones, "[a]nyone else is an insured while using with your [Jones's] permission a covered auto you own * * * *'" The trial court found that Wylie did not use the Jones vehicle, and that finding is challenged by Mountain States. Thus, as between the two insurers, Wylie's carrier excluded a vehicle used by or under the control of Wylie; Jones's insurer covered the user of a vehicle owned by Jones but used by one other than Jones with Jones's permission.

New Mexico expressly declared in *Maryland Casualty Co. v. Jolly*, 67 N.M. 101,

352 P.2d 1013 (1960), that where an insured is working directly on property which is damaged, that property is within the insured's care, custody or control. Where, however, the damaged property is incidental to the "contracted object upon which work was being performed by the insured, such property is not within the care, custody or control of the insured * * * *" *Id.* at 106, 352 P.2d at 1016.

The trial court made a conclusion of law that "[a]t the time of the accident both Wylie and Jones had care, custody, and control of the Jones truck." It found, however, that Wylie's caterpiller "pushed the Jones truck into the truck in front of Jones," resulting in damage to Jones's truck. In an anomalous finding and conclusion, the trial court decided that Wylie "did not * * * use the [Jones] vehicle" and "was not 'using' the Jones truck at the time of the accident within the meaning of the INA policy." In view of other findings of the court recited earlier in this Opinion, it is clear that the finding and conclusion on "use" are inconsistent, especially in view of extensive case law discussing the meaning of "use" in the context of automobile insurance law.

We have held that exclusionary clauses contained in an insurance policy will be enforced so long as the meaning of the language is clear and they do not conflict with statutory law. *Willey v. Farmers Ins. Group*, 86 N.M. 325, 523 P.2d 1351 (1974).

The exclusionary clauses in the Mountain States policy are unambiguous in their meaning. The language specifically excludes damage to property which is in the care, custody or control, or use of the insured. New Mexico has articulated what actions on the part of the insured give rise to property being in the insured's care, custody or control. *Maryland Casualty Co. v. Jolly.*

Additionally, the INA policy specifically made Wylie an insured if it, with permission, used Jones's truck. If Wylie had the care, custody and control, even partially, it must have had "use" of the truck. As was said in the Court's Syllabus 2, in *United States Fidelity & Guar. Co. v. Hokanson*, 2 Kan.App.2d 580, 580, 584 P.2d 1264, 1265 (1978):

> The term "use" in a coverage clause of an insuring agreement is given a broad, general and comprehensive meaning effecting broad coverage and it includes any exercise of control over the vehicle *regardless of its purpose, extent, or duration.* (Our emphasis.)

Other cases strikingly similar to the one at hand on their facts have declared that the activity of persons in pushing, towing, or otherwise manipulating a vehicle owned by another constituted "use" of the temporarily immobile or disabled vehicle. *E.g., St. Paul Fire & Marine Ins. Co. v. Hartford Accident & Indem. Co.*, 244 Cal.App.2d 826, 53 Cal.Rptr. 650 (1966); *Wiebel v. American Farmers Mut. Ins. Co.*, 51 Del. 151, 140 A.2d 712 (Del.Super.1958); *Michigan Mut. Liab. Co. v. Ohio Casualty Ins. Co.*, 123 Mich.App. 688, 333 N.W.2d 327 (1983); *Bituminous Casualty Corp. v. Aetna Life & Casualty Co.*, 599 S.W.2d 516 (Mo.App.1980); *Hall v. United States Fidelity & Guar. Co.*, 107 Ohio App. 13, 155 N.E.2d 462 (1957).

The trial court, having concluded that Jones's truck was in the care, custody or control of both Wylie and Jones, improperly concluded that Mountain States must indemnify Wylie for damage to Jones's truck. Since Wylie was working directly on Jones's truck and, contrary to the court's findings, Wylie was using the Jones truck, there is no doubt that damage to Jones's truck falls squarely into the exclusionary clauses of the Mountain States insurance policy and within the coverage clauses of INA's. *See Maryland Casualty Co. v. Jolly.* Those clauses, being unambiguous and not in conflict with a statute, must be enforced. *See Willey v. Farmers Ins. Group.*

Accordingly, we reverse the trial court's decision that Mountain States is liable to Wylie for indemnification.

## II.

▉ Mountain States maintains that the trial court erred in concluding that it breached its duty to defend Wylie.

Although we have held that Mountain States need not indemnify Wylie for damage to Jones's truck the duty to indemnify is distinct from Mountain States's duty to defend. *Foundation Reserve Ins. Co. v. Mullenix*, 97 N.M. 618, 642 P.2d 604 (1982).

New Mexico had adopted the following general rule regarding the duty to defend:

If the allegations of the injured third party's complaint show that an accident or occurrence comes within the coverage of the policy, the insurer is obligated to defend, regardless of the ultimate liability of the insured. The question presented to the insurer in each case is whether the injured party's complaint states facts which bring the case within the coverage of the policy, not whether he can prove an action against the insured for damages. The insurer must also fulfill its promise to defend even though the complaint fails to state facts with sufficient clarity so that it may be determined from its face whether or not the action is within the coverage of the policy, provided the alleged facts tend to show an occurrence within the coverage.

*America Employers' Ins. Co. v. Continental Casualty Co.*, 85 N.M. 346, 348, 512 P.2d 674, 676 (1973) (quoting 1 Long, *The Law of Liability Insurance* § 5.02 (1973)).

The language of the Mountain States policy provides that "the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent * * * *"

Following the rule articulated in *American Employers'*, we look to see whether the complaint filed by INA against Wylie has stated facts that would bring Wylie within coverage of the Mountain States policy.

The relevant section of INA's complaint alleges:

On or about June 12, 1980, Defendant hired Ben Jones and his truck to haul material necessary for a road construction project near Alamo, New Mexico. On instructions from Defendant, Jones backed his truck up to a spreader box and proceeded to dump the material which he was carrying into the spreader box. Defendant negligently operated a mechanism which moved the spreader box and Jones' vehicle so as to push Jones' vehicle into another truck, thereby causing damages to Jones' truck.

Mountain States took the position that, in alleging that the "Defendant *hired* Ben Jones and his truck," INA clearly brought the accident within Exclusion (b)(1) of its comprehensive general liability coverage.

According to Exclusion (b)(1), insurance coverage does not apply "to * * * property damage arising out of the ownership, maintenance, operation, use, loading or unloading of * * * any automobile or aircraft owned or operated by or *rented or loaned to any insured* * * * *"  (Emphasis added.)

The term "hire" as used in the complaint, and in the ordinary sense of its meaning, is synonymous with the term "rent." Webster's Third New International Dictionary (1966). Such an allegation places the complaint, on its face, directly within the exclusionary clause of the Wylie-Mountain States policy. *See American Employers' Ins. Co. v. Continental Casualty Co.*

We reverse the trial court's decision that Mountain States breached its duty to defend Wylie.

## III.

▉ In its cross-appeal, Wylie argues that the trial court erred in concluding that "[a]ny coverage under the INA policy for Wylie Corporation is excluded by Part IV C(6) of the INA policy." We have determined that Wylie was "using" Jones's truck at the time of the accident and thus became insured by operation of the omnibus clause. Part IV C(6) of the INA policy

**410**

excludes from coverage "[p]roperty damage to property owned or transported by the insured or in the insured's care, custody or control." Wylie urges that since the INA insurance policy issued to Jones includes Wylie as an insured, Wylie cannot be held liable in subrogation for the damage to Jones.

The exclusion was relied upon in the court's conclusion, at least in part, to deny INA coverage to Wylie. However, Part IV C(6) must be read in its proper context to refer to other property of the insured, or to cargo of the insured being transported by the insured, rather than to the vehicle itself. It must also be read together with the coverage of Part VA(1)(C), which is INA's agreement to "pay for loss to a covered auto [defined as "a land motor vehicle, trailer or semi-trailer designed for travel on public roads"] * * * [c]aused by the covered auto's collision with another object * * * *" To ignore some of the policy's coverage provisions in construing Part IV C(6) to deny coverage would be to remove any insurance coverage at all for the "covered auto" under the coverage provisions of the INA policy. Such a result would be tantamount to allowing an insurance company to give coverage with the right hand and take the same coverage away with the left—which, of course, is not favored as a course to follow in construing insurance policies. *See Safeco Ins. Co. of America v. McKenna*, 90 N.M. 516, 565 P.2d 1033 (App.1977).

The trial court's judgment of reimbursement to INA and the payment to Wylie Corporation of costs, attorney fees and damages by Mountain States, is reversed. The matter is remanded to the trial court for entry of judgment accordingly.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and SOSA, Senior Justice, concur.