953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donna M. HEUGES, Plaintiff-Appellant,
v.
THE TRAVELERS; Travelers Indemnity Company of Rhode Island,
Defendants-Appellees.
 No. 90-56285.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1991.
Decided Jan. 17, 1992.
 
 Before SNEED, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donna Heuges appeals the district court's grant of summary judgment in favor of Travelers Indemnity Company of Rhode Island. Donna Heuges contends that Travelers has an obligation to satisfy a personal injury judgment entered against its insureds. The district court found that the insurance policy excluded coverage for the underlying motor vehicle accident. It further found that Travelers' late reservation of rights could not constitute a waiver absent detrimental reliance by the insureds, and that the policy's "incidental contract" coverage does not apply here. We have jurisdiction and we affirm.
 
 
 3
 * In January 1988, while driving a truck from a bar where he had been drinking and shooting pool, Ernest Guzman struck and injured Heuges as she walked down the street. Heuges brought a personal injury action in state court. Among the defendants were Jeffrey Dowler (Guzman's employer), Coast Landscape Management (CLM) (Dowler's sole proprietorship), and C.L.S. Landscape Management (CLS Landscape) (a corporation solely owed by Kevin Davis). On behalf of CLS Landscape, Davis had leased the truck to Dowler for use by CLM. CLS Landscape filed a cross-complaint for indemnity against, among others, Dowler and CLM.
 
 
 4
 In January 1989 Dowler tendered defense of the lawsuit to Travelers.[1] He based this coverage request on the commercial general liability insurance policy which names both Dowler and CLM as insureds. Travelers assumed Dowler's defense.
 
 
 5
 In December 1989, four months before trial on Heuges' personal injury action, Travelers notified Dowler that the policy's automobile exclusion precluded coverage. Therefore, Travelers stated, it would not indemnify him for any damages awarded in the action. It would continue to provide him a complete defense, however, because of the status of the lawsuit at the time. Ultimately, the parties settled the lawsuit.
 
 
 6
 As part of the settlement, Dowler executed a $450,000 stipulated judgment, but was insulated from it by a covenant not to execute running in his favor. The judgment also included an assignment to Heuges of any rights that Dowler might have against third parties, including Travelers.
 
 
 7
 Pursuant to this assignment, Heuges filed suit in state court, seeking a declaration that she was entitled to $450,000 from Travelers. Travelers removed the case to federal court based on diversity, and later moved for summary judgment. The district court granted the motion. Heuges timely appeals.
 
 
 8
 A grant of summary judgment is reviewed de novo. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339 (9th Cir.1989). We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. at 1340. In this diversity action, we look to California substantive law. Erie v. Tompkins, 304 U.S. 64 (1938).
 
 II
 
 9
 The district court determined that the automobile exclusion contained in the policy precludes coverage based directly on the accident. Heuges does not dispute this determination. The policy is explicit on this point. The policy does not apply "to bodily injury or property damage arising out of the ... use ... of (1) any automobile ... owned or operated by or rented or loaned to any insured, or (2) any other automobile ... operated by any person in the course of employment by any insured; ...."
 
 
 10
 Heuges maintains that Travelers waived its right to deny coverage based on the automobile exclusion because it did not notify Dowler about the exclusion until nearly eleven months after assuming his defense. The district court concluded that even if Travelers failed to reserve its rights in a timely manner, that would not constitute a waiver because Heuges did not allege any detrimental reliance by Dowler. Heuges argues that, as a matter of California law, waiver does not require detrimental reliance. Alternatively, she argues that she does not bear the burden of on the issue.
 
 
 11
 To establish that Travelers waived its right to deny coverage, Heuges must show that Travelers "either intentionally relinquished a known right, or acted in such a manner as to cause the insured reasonably to believe the insurer had relinquished such right, and that the insured relied upon such conduct to his detriment." J.C. Penney Casualty Ins. Co. v. M.K., 52 Cal.3d 1009, 1017-18, 804 P.2d 689, 278 Cal.Rptr. 64, 67, cert. denied, 112 S.Ct. 280 (1991) (emphasis added) (citing Val's Painting & Drywall, Inc. v. Allstate Ins. Co., 53 Cal.App.3d 576, 587, 126 Cal.Rptr. 267, 273 (1975)). In Intel Corp. v. Hartford Accident & Indem. Co., No. 89-15165 (9th Cir. Dec. 24, 1991), this court reviewed California law and said that "[i]n cases where waiver has been found, there is generally some element of misconduct by the insurer or detrimental reliance by the insured." Slip Op. at 16965.
 
 
 12
 Heuges correctly notes that detrimental reliance is generally an element of estoppel but not an element of waiver. See 30 Cal.Jur.3d Estoppel and Waiver § 2 (1987). California insurance cases, however, blur the distinction between waiver and estoppel. See Intel Corp., Slip.Op. at 16965 (discussing use of the two legal theories). As the California Court of Appeals stated in Val's Painting, "the theory that by defending the suit an insurer 'waives' its right to claim noncoverage rests upon the doctrine of estoppel." 53 Cal.App.3d at 587, 126 Cal.Rptr. at 273. Since it rests on estoppel principles, waiver of an insurance coverage exclusion requires detrimental reliance. Id. Rubin v. Los Angeles Fed. Sav. & Loan Ass'n, upon which Heuges relies, is inapplicable because it is not an insurance case. 159 Cal.App.3d 292, 298, 205 Cal.Rptr. 455, 459 (1984) (detrimental reliance unnecessary for waiver of right to enforce due-on-sale clause).
 
 
 13
 To establish waiver, therefore, Heuges must demonstrate not only that Travelers' reservation of rights was untimely but also that Dowler detrimentally relied upon coverage. Heuges forwarded the waiver argument to defeat Travelers' summary judgment motion. In doing so, she bore the burden of establishing the existence of a triable issue of material fact as to timeliness and reliance. See Turner v. Local Union No. 302, Int'l Brotherhood of Teamsters, 604 F.2d 1219, 1228 (9th Cir.1979).
 
 
 14
 Heuges did not present any facts to suggest detrimental reliance. Her reference to Consolidated American Ins. Co. v. Mike Soper Marine Services, 942 F.2d 1421 (9th Cir.1991), amended 1991 US App. LEXIS 28492 (9th Cir.1991), is misplaced. In that case, unlike the instant case, the insurer breached its duty to defend. Id. 942 F.2d at 1424-25. Accordingly, we hold that the district court did not err in finding that Travelers did not waive its right to rely on the automobile exclusion.
 
 III
 
 15
 Heuges maintains that in spite of the automobile exclusion, coverage exists pursuant to the insurance policy's "incidental contract" coverage. The district court found that although the lease between Dowler and CLS Landscape constituted an "incidental contract," coverage was not triggered by Dowler's breach since the lease did not oblige Dowler to assume CLS Landscape's liability. Heuges argues that Dowler's insurance policy does not limit coverage to only those incidental contracts that obligate Dowler to assume liability. Alternatively, she argues that the policy is ambiguous on this point, and so should have been interpreted to provide coverage.
 
 
 16
 The language of the policy unambiguously limits its incidental contract coverage to claims for contractual indemnity. On page 1, the policy excludes coverage for "liability assumed by [Dowler] under any contract or agreement except for an incidental contract." The result of this exemption from the contract coverage exclusion is that the policy does cover liability assumed under an incidental contract.
 
 
 17
 In arguing that liability assumption is not required, Heuges points to the incidental contract coverage exclusions found later in the policy. Section (A) at page 4 of the policy reads: "The insurance afforded with respect to liability assumed under an incidental contract is subject to the following exclusions." None of the exclusions which follows is applicable. Thusfar, the provision's language mirrors that found earlier.
 
 
 18
 The provision continues to section (B), which reads: "All exclusions applicable to Coverages A (Bodily Injury) and B (Property Damage) apply to Contractual Liability Coverage except for the following: (b). (c)(2). (d) and (e)." Exception "(b)" is the automobile exclusion set out in the previous section. Heuges argues that this section broadens the policy's scope so that incidental contracts relating to automobiles are covered regardless of any liability assumption. This argument is creative, but untenable. Taken together, sections A and B limit the types of incidental contracts that are covered, but do not alter the basic coverage requirement of liability assumption.
 
 
 19
 Case law supports this interpretation. The California Court of Appeals interpreted a similar provision and held that "the endorsement covers third party tort liabilities that the insured assumes by contract. It does not cover damages suffered by a third party as the result of the insured's breach of a contract entered into with that party." Loyola Marymount University v. Hartford Accident & Indemnity Co., 219 Cal.App.3d 1217, 1226, 271 Cal.Rptr. 528, 533 (1990) (quotation omitted). Also relevant is a federal district court's interpretation of a provision identical to that at issue here. Commercial Union Ins. v. Basic American Medical, Inc., 703 F.Supp. 629, 632 (E.D.Mich.1989). The Commercial Union court held that "[t]o fall within this provision, a contract must not only be incidental; the policy also requires that the contract be one in which the insured assumes liability." Id. at 633.
 
 
 20
 Here, Heuges' lawsuit did not involve a contract under which Dowler assumed liability, and it did not involve a claim for contractual indemnification. The district court was correct in holding that the incidental contract coverage did not require Travelers to satisfy the judgment Heuges obtained.
 
 III
 The district court's judgment is
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 Travelers had been notified of the accident the year before. It was not invovled until this time because another insurance company initially agreed to handle the claim pursuant to the policy Davis had purchased on the truck which was involved in the accident