845 P.2d 789

**BERNALILLO COUNTY DEPUTY SHERIFFS ASSOCIATION and Gerald Doede, on behalf of himself, and as a representative of others similarly situated, Plaintiffs–Appellees,**

v.

**COUNTY OF BERNALILLO, et al., Defendants–Appellants.**

**COLONIAL PENN INSURANCE COMPANY, et al., Plaintiffs-in-Intervention,**

v.

**COUNTY OF BERNALILLO, et al., Defendants–Appellants.**

No. 20322.

Supreme Court of New Mexico.

Nov. 18, 1992.

Rudolph B. Chavez, Albuquerque, for appellants.

Beall & Biehler, Gregory Biehler, Albuquerque, for appellees.

## OPINION

FRANCHINI, Justice.

Defendant Bernalillo County appeals from a judgment of the district court sustaining the motion for summary judgment of Colonial Penn Insurance Company (Colonial Penn) and Compass Insurance Company (Compass), Plaintiffs-in-Intervention in a declaratory judgment action. The underlying litigation involved a lawsuit by the Bernalillo County Deputy Sheriffs Association (Association) on behalf of their members over certain employment practices. The Association claimed that the practice of not paying its members for on-call meal periods violated the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–19 (Supp.1992) (FLSA), and breached their contract of employment. In the declaratory judgment action, the district court determined that the Plaintiffs-in-Intervention had no duty to defend or indemnify the County in a suit against it. The district court ruled that Compass did not owe a duty to defend or indemnify the County because the alleged acts were not committed within the policy period. The district court further ruled that Colonial Penn did not owe a duty to defend or indemnify the County because the claims alleged were not covered by the errors or omissions endorsement of its policy. We affirm.

## I.

Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Koenig v. Perez*, 104 N.M. 664, 665, 726 P.2d 341, 342 (1986). The relevant portion of the Compass policy states:

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay on account of any claim for breach of duty made against the insured by reason of any negligent act, error or omission of the insured if such negligent act, error or omission is committed during the policy period and discovered during the policy period or within twenty-four months after termination of the policy * * * *

■ We construe unambiguous insurance contracts in their usual and ordinary sense unless the language of the policy requires something different. *Western Commerce Bank v. Reliance Ins. Co.*, 105 N.M. 346, 348, 732 P.2d 873, 875 (1987). We see no ambiguity in this policy on the issue of when coverage existed. By its terms, coverage existed only if the alleged "negligent act, error or omission is committed during the policy period." The Compass policy expired June 28, 1984.

■ An insurer's duty to defend arises out of the nature of the allegations in the complaint. *Foundation Reserve Ins. Co. v. Mullenix*, 97 N.M. 618, 619, 642 P.2d 604, 605 (1982). It is undisputed that the acts alleged by the Association were committed by the County on or after August 12, 1985. Therefore, the acts alleged occurred after the expiration of the Compass policy. The twenty-four month period applied to the discovery of the acts, not to the commission of the acts. Discovery of the acts within twenty-four months was the second requirement for coverage. The conjunctive wording of the policy language requires both. *See Stevenson v. Louis Dreyfus Corp.*, 112 N.M. 97, 100, 811 P.2d 1308, 1311 (1991) (interpreting conjunctive wording of statute).

Having resolved the issue of coverage on the unambiguous language of the Compass policy, we need not address the issue of notice except to point out that timely notice was irrelevant because there was no coverage under the policy.

## II.

The County claims that acts were committed which invoked coverage under the errors or omissions portion of the Colonial Penn policy, and that Colonial Penn owed the County a duty to defend and indemnify. The relevant section of the policy provides:

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay on account of any claim for breach of duty made against the insured by reason of any negligent act, error or omission of the insured if such negligent act, error or omission of the insured is committed during the policy period and discovered during the policy period or within twenty-four months after termination of the policy * * * *

Exclusions

This insurance does not apply to any dishonest, fraudulent, criminal or malicious act, or to such insurance as is provided for under Coverage A, B, C, D, or E.

The exclusions applicable to Comprehensive General Liability Insurance also apply to this insurance.

■ Errors or omissions policies are a hybrid form of insurance coverage that guard against losses arising to the insured as well as liability arising on the part of the insured by reason of errors or omissions. 9 John A. Appleman, *Insurance Law & Practice* § 5256 (1981). Here, the Colonial Penn policy covered any negligent acts, errors or omissions of the County.

■ In deciding whether an insurer is obligated to defend the insured, we must determine whether the injured party's complaint states facts that bring the case within the coverage of the policy. *Insurance Co. of N. Am. v. Wylie Corp.*, 105 N.M. 406, 409, 733 P.2d 854, 857 (1987). If the allegations of the complaint clearly fall outside the provisions of the policy, neither defense nor indemnity is required. *See id.* at 409, 733 P.2d at 857. Therefore, we look to see whether the complaint filed by the Association against the County contained allegations or stated facts that would bring the County within the coverage of the Colonial Penn policy.

## A.

■ The Association in Count I of their underlying Amended Complaint alleged that the County willfully violated the FLSA. In *United States Fidelity & Guaranty Co. v. Fireman's Fund Insurance Co.*, 896 F.2d 200, 203 (6th Cir.1990), the court interpreted a similar errors or omissions policy to not cover intentional acts. The Fireman's Fund policy did not specifically exclude intentional acts of the insured. The exclusions in that policy, like the exclusions here, were for dishonest, fraudulent, criminal or malicious acts. The court concluded that the only reasonable construction was that the insurance company "contracted to provide coverage for negligent—not intentional acts * * * * *" *Id.* A willful violation of the FLSA does not constitute a "negligent act or omission." *Cf. City of Fort Pierre v. United Fire & Casualty Co.*, 463 N.W.2d 845, 848 (S.D. 1990) (holding negligent act, error or omissions policy did not cover city's intentional decision to ignore federal government permit requirements).

Also, the FLSA is a federal statute that prescribes criminal penalties for its violation. 29 U.S.C. § 216(a). Thus, a willful violation of the FLSA is a criminal act that is excluded under the policy.

## B.

■ Count II of the Association's Amended Complaint alleged that the County breached its members' contract of employment and breached the County Rules and Regulations incorporated in the Collective Bargaining Agreement. Exclusionary provisions in insurance policies will be enforced if they are clear and do not violate public policy. *Jimenez v. Foundation Reserve Ins. Co.*, 107 N.M. 322, 324, 757 P.2d 792, 794 (1988). As previously noted, the exclusions applicable to the Comprehensive General Liability Insurance portion of the policy were also applicable to the errors or omissions section. The Comprehensive General Liability Insurance exclusions include *inter alia:*

This insurance does not apply:

(a) to liability assumed by the insured under any contract or agreement except a defined contract: but this exclusion does not apply to a warranty of fitness or quality of the named insured's product if a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner; ...

As defined in the policy, contract means "any written agreement, except one pertaining to aircraft, under which a named insured assumes the liability of others for bodily injury or property damage." In *Commercial Union Insurance Co. v. Basic American Medical, Inc.,* 703 F.Supp. 629, 632–33 (E.D.Mich.1989), the court interpreted the following exclusionary language in a general liability policy: "This insurance does not apply: a. to liability assumed by the insured under any contract or agreement except an incidental contract * * * *" The *Commercial Union* court found that "employment contracts do not constitute the type of liability assumed by defendants under a contract which would bring these contracts within the policy's coverage." *Id.* at 633. In its analysis of the issue, the court referred to the following discussion of contractual exclusions clauses in liability insurance policies contained in 12 George J. Couch, *Couch on Insurance* § 44A:35, at 55–57 (2d ed. 1981):

"Such provisions * * * deny the coverage generally assumed by a liability policy in cases in which the insured in a contract with a third party agrees to save harmless or indemnify such third party." (citations omitted).

The purpose of these contractual exclusion clauses is not to make the insurer underwrite its insureds' contracts, but to limit coverage to the insured's tort liability.

*Commercial Union,* 703 F.Supp. at 633. We agree with the court in *Commercial Union,* and interpret the similar, clear language here to exclude coverage for employment contracts. The Colonial Penn policy does not afford coverage for breach of contract or breach of the Collective Bargaining Agreement.

## C.

 Count III of the Association's Amended Complaint alleged that the County failed to negotiate changes in County Rules and failed to pay stand-by time, therefore breaching its contract of employment with members of the Association and willfully violating County Rule 312.2. In the alternative, it is alleged that the County negligently breached the Collective Bargaining Agreement. The County contends that acting upon the advice of its attorney and his interpretation of the FLSA, employees were not paid for on-call lunch periods. The County argues "that a misapprehension of what the law allows is sufficient to constitute an error under the policy." Thus, the County contends, the breach of contract occurred as a result of a "negligent act, error or omission," and the key to determining coverage is not the form of the pleading, but the nature of the insured's conduct. *See Touchette Corp. v. Merchants Mut. Ins. Co.*, 76 A.D.2d 7, 9, 429 N.Y.S.2d 952, 954 (1980).

Under some circumstances, breach of a contractual duty may give rise to an independent action in tort. *Preferred Mktg. v. Hawkeye Nat'l Life Ins. Co.*, 452 N.W.2d 389, 397 (Iowa 1990). "Only where a duty recognized by the law of torts exists between the plaintiff and defendant distinct from a duty imposed by the contract will a tort action lie for conduct in breach of the contract." *Id.; see Cottonwood Enters. v. McAlpin*, 111 N.M. 793, 795–96, 810 P.2d 812, 814–15 (1991) (holding tort of negligence must be based upon duty other that one imposed by contract); W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 92 (5th ed. 1984) (describing requirement for separate duty apart from contractual duty to give rise to tort action). There is no relationship between the County and its employees that gives rise to a legal duty to pay overtime which is independent of the Collective Bargaining Agreement. Even the violation of the FLSA evolves from the contract of employment. The FLSA provisions "are read into and become a part of every employment contract that is subject to the terms of the Act." *Roland Elec. Co. v. Black*, 163 F.2d 417, 426 (4th Cir.1947), *cert. denied*, 333 U.S. 854, 68 S.Ct. 729, 92 L.Ed. 1135 (1948).

The claims of the Association were properly viewed as existing only in contract, and the Colonial Penn policy excluded claims for breach of contract. The County made no showing that the essential facts of the complaint alleged any "negligent act, error or omission." *See Wylie*, 105 N.M. at 409, 733 P.2d at 857. Therefore, Colonial Penn had no duty to defend or indemnify under the policy.

The judgment of the district court is affirmed.

IT IS SO ORDERED.

MONTGOMERY and FROST, JJ., concur.