**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LOUIS S. SADLER; MARGARET A.
SADLER,

        Plaintiffs-Appellants,

v.

PACIFIC INDEMNITY COMPANY,

        Defendant-Appellee.

No. 09-2099
(D.C. No. 1:08-CV-00670-RLP-LFG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

Louis and Margaret Sadler were sued in state court by Chester and LeeAnn
Hine for misrepresenting the condition of a house that they sold to the Hines. The
Sadlers tendered their defense of that lawsuit to Pacific Indemnity Company
under their personal liability insurance policy (the "Policy"). Pacific refused to
defend or indemnify them, however, claiming that the underlying complaint did

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

not allege facts constituting an "occurrence" as defined in the Policy. The Sadlers then filed this action against Pacific in federal court, accusing the company of engaging in unfair insurance practices and breaching their agreement in bad faith. On cross-motions for summary judgment, the district court held that the allegations in the Hines' state court complaint did not trigger Pacific's duty to defend and dismissed the action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

Shortly after the closing in October 2003, the Hines discovered a number of concealed defects in the house sold to them by the Sadlers, including urine-stained carpet padding and a rodent infestation. In May 2005, they sued the Sadlers in state court, asserting claims of intentional, negligent, and innocent misrepresentation. Generally, they alleged that the Sadlers knew about but failed to disclose these problems and instead represented that the house was in good condition. After a trial, in June 2007, the Hines were awarded over $375,000 in compensatory and punitive damages, as well as their attorneys fees.

In July 2008, the Sadlers brought this action against Pacific, claiming that the company breached its contractual obligation to defend and indemnify them against the claims asserted by the Hines. They argued primarily that the Hines' claims for negligent and innocent misrepresentation, by definition *un*intentional acts, brought the lawsuit within the Sadlers' personal liability coverage, thereby

triggering Pacific's duty to defend. Pacific countered that it had no such duty, arguing that the Policy protected the Sadlers only against personal injury and property damage and not against *economic* loss caused by their misrepresentations.

In an opinion dated March 24, 2009, the district court agreed with Pacific. The court recognized that under New Mexico law, an insurer's duty to defend is triggered "if the facts as alleged in the underlying complaint tend to show an occurrence within the coverage." Aplt. App. at 219 (internal quotation marks omitted); *see generally Found. Reserve Ins. Co. v. Mullenix*, 642 P.2d 604, 605-06 (N.M. 1982) (explaining distinction between the duty to defend and duty to pay). After surveying multi-jurisdictional caselaw pertaining to the relevant issues, however, the court concluded that New Mexico courts would not consider the allegations in the Hines' complaint to constitute an occurrence within the meaning of the Sadlers' Policy.

Under the terms of the Policy, the Sadlers were protected against "personal injury or property damage . . . caused by an occurrence." Aplee. Supp. App. at 91. The Policy defined *occurrence* as "a loss or accident to which [the] insurance applies," *id.* at 75, and *property damage* as "physical injury to or destruction of tangible property, including the loss of its use," *id.* at 91. The district court concluded these provisions unambiguously provided for coverage in the event of a loss resulting from personal injury or property damage but not economic

damages. It noted that all of the allegations in the underlying complaint pertained to misrepresentations that caused economic harm to the Hines. And it emphasized that "such misrepresentations [were] not the 'cause' of any physical damage to the property and therefore only result[ed] in economic loss, a loss not covered under the Policy." Aplt. App. at 224. The court also construed "loss of use of tangible property" to mean actual physical damage or destruction, thereby rejecting the Sadler's claim to loss-of-use coverage based on the Hines' allegation that the house was uninhabitable. Finding no plausible basis for coverage, the court concluded that summary judgment in favor of Pacific was warranted and dismissed the complaint with prejudice.

## II.

"We review a district court's grant of summary judgment de novo, applying the same standard as the district court." *Union Standard Ins. Co. v. Hobbs Rental Corp.*, 566 F.3d 950, 952 (10th Cir. 2009) (internal quotation marks omitted). Summary judgment is proper if the record reveals "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Having carefully considered the parties' briefs in light of the relevant authority and Policy provisions at issue, we find ourselves in accord with the well-reasoned opinion of the district court and find no error meriting

correction.  We therefore AFFIRM its judgment for substantially the same reasons

stated in its Memorandum Opinion and Order of March 24, 2009.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge