832 P.2d 394

Kim KNOWLES, Plaintiff–Appellant,

v.

UNITED SERVICES AUTOMOBILE AS-
SOCIATION, An insurance corpora-
tion, Defendant–Appellee.

No. 19992.

Supreme Court of New Mexico.

May 13, 1992.

Catron, Catron & Sawtell, P.A., Michael
T. Pottow, Santa Fe, for plaintiff-appellant.

Civerolo, Hansen & Wolf, P.A., Bruce T.
Thompson, Donald G. Bruckner, Jr., Albu-
querque, for defendant-appellee.

OPINION

BACA, Justice.

Plaintiff-appellant Kim Knowles appeals
the trial court's grant of summary judg-
ment in favor of defendant-appellee United
Services Automobile Association
("USAA"). We reverse.

## I.

On April 1, 1989, USAA issued a personal umbrella policy to appellant that provided both excess liability and basic coverage insurance to appellant. The umbrella policy covered "injury or damage for which [appellant] becomes legally liable" and included coverage for wrongful eviction. The policy obligated USAA to defend against any suit brought against appellant for damages covered under the policy's basic coverage. The policy, however, contained a number of exclusions to its basic coverage, including an exclusion for injury that was "expected or intended" by appellant.

During the term of the policy, Edward Montoya filed a complaint against appellant (the "Montoya complaint") alleging that appellant placed a locked gate across a road on appellant's property that interfered with Montoya's use of an easement across appellant's property. After Montoya instigated his suit for damages and injunctive relief, appellant tendered the defense to USAA, and USAA declined to defend. After Montoya dismissed his claim for damages, appellant instituted the instant action to recover defense costs incurred in the suit filed by Montoya. Both appellant and USAA agreed that no factual dispute existed, and both made motions for summary judgment. In his motion for summary judgment, appellant claimed that the Montoya complaint alleged facts that triggered the umbrella policy's coverage and that Montoya's claim for damages did not fall within one of the policy's exclusions. In its motion for summary judgment, USAA claimed that Montoya's claim was an expected or intended result of appellant's actions and thereby excluded from coverage. The trial court granted USAA's motion and this appeal followed.

## II.

▮ The only issue raised by this appeal is whether USAA had a duty to defend appellant in the lawsuit brought against him by Montoya. The duty to defend is distinct from the duty to indemnify. *Insurance Co. of N. Am. v. Wylie Corp.*, 105 N.M. 406, 409, 733 P.2d 854, 857 (1987). The duty to defend is a contractual obligation emanating from the insurance policy, *see id.*, and arising when "the injured [third] party's complaint states facts which bring the case within the coverage of the policy, not whether [the injured third party] can prove an action against the insured for damages." *American Employers' Ins. Co. v. Continental Casualty Co.*, 85 N.M. 346, 348, 512 P.2d 674, 676 (1973) (quoting 1 Rowland H. Long, *The Law of Liability Insurance* § 5.02 (1973)). In the instant case, the umbrella policy requires USAA to defend appellant against "any suit for damages ... even if groundless or if fraudulent" if the basic coverage provisions of the policy apply. Thus, the issue on appeal is resolved by determining whether the basic coverage provisions of the umbrella policy cover damages as alleged by the Montoya complaint and whether the policy excludes coverage.

### A.

The umbrella policy obligates USAA to "pay for injury or damage for which [appellant] becomes legally liable" provided that such liability arises from an occurrence taking place while the policy is in effect. The policy defines "injury" to include "wrongful eviction." The policy provides both excess liability protection for occurrences for which appellant has primary insurance and basic coverage to insure against "liability occurrences that are not covered by primary insurance." However, the basic coverage provision "applies only if [the occurrences] are not excluded in this policy." The policy lists a number of exclusions including an exclusion for "injury or damage which is expected or intended by an insured."

Appellant contends that the facts alleged in the Montoya complaint constitute an action for wrongful eviction because Montoya alleged that he was deprived of his use of an easement as a result of appellant's actions. *See, e.g., 487 Elmwood, Inc. v. Hassett*, 107 A.D.2d 285, 486 N.Y.S.2d 113, 116 (1985) (encroachment on easement is partial eviction). Because the Montoya complaint

alleged a wrongful eviction, appellant argues that the basic coverage provisions of the umbrella policy are applicable. On appeal, USAA does not contest that the allegations in the Montoya complaint constituted a claim for wrongful eviction but rather contends that the policy covers only negligent wrongful eviction and not wrongful eviction resulting from appellant's intentional acts. Thus, the issue on appeal is resolved by interpreting the exclusionary clauses of the umbrella policy.

### B.

As outlined above, the policy attempts to exclude coverage for "injury or damage which is expected or intended by an insured." Appellant argues that he did not subjectively expect or intend the harm alleged in the Montoya complaint as evidenced by his affidavit submitted in support of his motion for summary judgment. Because exclusionary clauses must be narrowly construed, *King v. Travelers Insurance Co.*, 84 N.M. 550, 556, 505 P.2d 1226, 1232 (1973), appellant concludes that the basic coverage exclusions do not exclude coverage. In the alternative, appellant argues that the policy provisions extending coverage for wrongful eviction and then excluding coverage for damage "intended or expected by the insured" create an ambiguity that should be construed against USAA. *See Stanback v. Westchester Fire Ins. Co.*, 68 N.C.App. 107, 314 S.E.2d 775 (1984).

USAA contends that New Mexico law allows an insurance policy to exclude injuries arising from intentional acts so long as the exclusionary clause is clear and does not conflict with statutory law, *Safeco Insurance Co. of America v. McKenna*, 90 N.M. 516, 519, 565 P.2d 1033, 1036 (1977), and that the exclusionary clause in question here is clear. USAA cites cases from other jurisdictions holding that an insurance policy insuring against specified intentional acts while excluding other intentional acts relieves the insurer of a duty to defend the insured against the excluded acts. *See, e.g., Shapiro v. Glens Falls Ins. Co.*, 39 N.Y.2d 204, 383 N.Y.S.2d 263, 264–65,

347 N.E.2d 624, 625–26 (1976) (insurance carrier relieved of duty to defend where policy excluded coverage of intentional acts by insured). USAA argues that because the law presumes that a person intends the foreseeable results of his or her intentional acts, *Deseret Federal Savings Ass'n v. United States Fidelity & Guarantee Co.*, 714 P.2d 1143, 1146 (Utah 1986), damages claimed in the Montoya complaint are excluded from coverage even though appellant thought that he had a legal right to erect the gate. *See Red Ball Leasing, Inc. v. Hartford Accident & Indem. Co.*, 915 F.2d 306, 311 (7th Cir.1990) (repossession of leased trucks by leasing company under mistaken belief that lessee was in default is intentional act excluded from coverage under policy). Finally, USAA contends that, while ambiguities are construed in favor of the insured, *Foundation Reserve Insurance Co. v. McCarthy*, 77 N.M. 118, 119, 419 P.2d 963, 964 (1966), the clause at issue here is not ambiguous.

 The obligation of the insurer is a question of contract law and will be determined by reference to the terms of the insurance policy. *Safeco Ins. Co.*, 90 N.M. at 520, 565 P.2d at 1037. An insurance contract should be construed as a "complete and harmonious instrument designed to accomplish a reasonable end." *Id.* A clause in an insurance policy is ambiguous if it is "'reasonably and fairly susceptible of different constructions.'" *Sanchez v. Herrera*, 109 N.M. 155, 159, 783 P.2d 465, 469 (1989) (quoting *Levenson v. Mobley*, 106 N.M. 399, 401, 744 P.2d 174, 176 (1987)). When an insurance contract is ambiguous, it must be construed against the insurance company as the drafter of the policy. *King*, 84 N.M. at 555, 505 P.2d at 1231. Exclusionary clauses in insurance policies are to be narrowly construed, *id.* at 556, 505 P.2d at 1232, with the reasonable expectations of the insured providing the basis for our analysis. *Sanchez*, 109 N.M. at 159, 783 P.2d at 469. However, an insurance policy may exclude injuries arising from intentional acts so long as the exclusionary clause is clear and does not conflict with statutory law. *Safeco Ins. Co.*, 90 N.M. at 519, 565 P.2d at 1036.

■ While we have not yet addressed the issue, numerous other courts have examined insurance policy clauses that purport to exclude injuries expected or intended by the insured. *See* James L. Rigelhaupt, Jr., Annotation, *Construction and Application of Provision of Liability Insurance Policy Expressly Excluding Injuries Intended or Expected by Insured,* 31 A.L.R. 4th 957 (1984 & Supp.1991). These cases are split as to whether or not, as a matter of law, such clauses are ambiguous. *Id.* at 972. A case cited to us by both appellant and USAA that we find persuasive is *United Services Automobile Ass'n v. Elitzky,* 358 Pa.Super. 362, 517 A.2d 982 (1986). In *Elitzky,* the Elitzkys purchased a homeowner's policy from the insurer that provided coverage for bodily injury and property damages subject to an exclusionary clause that negated coverage for damage "expected or intended by the insured." During the term of the policy, the Elitzkys were sued by Judge Bruno for malicious defamation and intentional infliction of emotional injury for their alleged "malicious, intentional and reckless conduct" during prior litigation over which Judge Bruno had presided. The insurer filed an action for a declaratory judgment seeking a determination that it would not be obligated to defend or indemnify the Elitzkys because the damages alleged by Judge Bruno were caused by the Elitzkys' intentional conduct and were thus excluded by the policy. The trial court, in denying the declaratory judgment, held that because Judge Bruno's causes of action were based on intentional torts, damages arising from the Elitzkys' acts were excluded by the policy. The trial court concluded that the insurer did not have a duty to defend the Elitzkys. *Id.* 517 A.2d at 984–85.[1]

On appeal, the Superior Court of Pennsylvania interpreted the phrase "expected or intended" as used in the homeowner's policy. Prior to concluding that, in the context of interpreting an insurance contract, the terms "expected" and "intended" were synonymous, *id.* at 991, the *Elitzky* court discussed three possible interpretations of "intended" in exclusionary clauses. The first interpretation was that an exclusionary clause only excludes coverage for the harm caused when the insured acted with specific intent to cause the damage. *Id.* at 986 (citing *Pachucki v. Republic Ins. Co.,* 89 Wis.2d 703, 278 N.W.2d 898 (1979)). The court declined to adopt this interpretation, because "[s]uch an approach would award wrong-doers by affording them insurance coverage just because their plans went slightly awry," and could create problems of proof.[2] *Id.* 517 A.2d at 988. The second interpretation focused on whether the insured committed an intentional act and, if so, the exclusionary clause excludes coverage for injuries that are the "natural and probable consequence" of the intentional act. *Id.* at 986 (citing *Argonaut Southwest Ins. Co. v. Maupin,* 500 S.W.2d 633 (Tex.1973)). The second interpretation was rejected by the *Elitzky* court because it improperly interjected tort principles into what was essentially an issue of contract interpretation. *Id.* 517 A.2d at 988. The third interpretation was that an exclusionary clause excludes harm of the same general type as the insured intended. *Id.* at 987 (citing *Riverside Ins. Co. v. Wiland,* 16 Ohio App.3d 23, 474 N.E.2d 371 (1984)). The court adopted this approach because it was consonant with policies underlying insurance law. *Id.* According to the court, this approach balances the policy of construing ambiguous clauses in favor of the insured against an insurance company's right to not insure against harm deliberate-

---

1. The court declined to determine whether the insurer would be required to indemnify the Elitzkys because the issue was not ripe for determination. *Id.*

2. The problem of proof that the *Elitzky* court discussed was that of proving that the subjective intent of the insured was to cause the specific injury that occurred. *Id.* at 988. "An insured would be entitled to coverage unless he admit-

ted that he intended the precise injury which occurred. We hope it is not too jaundiced a view of human nature to express doubt that such testimony would be forthcoming." *Id.* In the instant case, we are presented with the converse fact situation. Here, appellant claims that *the exclusionary clause should not preclude coverage* because appellant asserts that he did not intend to cause the specific harm that resulted.

ly caused by the insured. *Id.* In addition, this approach fosters the public policy that an insured not be encouraged to act wrongfully because of knowledge that such an act is insured. *Id.*

The exclusionary clause in question in the instant case excludes "injury or damage which is expected or intended by an insured." We are persuaded by the rationale of the *Elitzky* court that the exclusionary clause at issue in the instant case should be construed to exclude harm of the same general type as intended by the insured. We adopt this approach because we believe that it is consistent with the rationales of our prior cases and it "affords maximum coverage to insured persons," *Elitzky,* 517 A.2d at 988, thereby giving effect to the reasonable expectations of the insured. *Sanchez,* 109 N.M. at 159, 783 P.2d at 469.

■ In construing the exclusionary clause under the facts of this case, we conclude that appellant intended or expected harm of the same general type as was alleged by the Montoya complaint. The Montoya complaint alleged that appellant placed, reinforced, and locked the gate to exclude others from using the road or entering the property. The requisite intent necessary for an intentional tort such as wrongful eviction is "that the actor desires to cause the consequences of his act, or that he believes that the consequences are substantially certain to result from it." *Restatement (Second) of Torts* § 8A (1965). While appellant may not have intended or expected to cause any harm to Montoya, he desired to limit access to the road. Thus, the harm alleged in the Montoya complaint was of the same general type as that expected or intended by appellant. Thus, coverage for appellant's acts was apparently excluded from coverage by the policy's exclusionary clause. Because basic coverage was excluded, USAA would not, under this interpretation, have a duty to defend appellant. This interpretation, however, does not end our inquiry; we must also determine whether the exclusionary clause is repugnant to the insuring clause.

## III.

■ As just noted, while USAA would not have a duty to defend appellant if the insurance contract is construed as above, we also must determine whether the exclusionary clause, as construed, irreconcilably conflicts with the insuring clause. *See Federal Ins. Co. v. Century Fed. Sav. & Loan Ass'n,* 113 N.M. 162, 824 P.2d 302 (1992); *Insurance Co. of N. Am. v. Wylie Corp.,* 105 N.M. at 410, 733 P.2d at 858; *King,* 84 N.M. at 555, 505 P.2d at 1231. In construing exclusionary clauses, we must endeavor to give effect to the reasonable expectations of the insured. *Federal Ins. Co.,* 113 N.M. at 168–69, 824 P.2d at 308–09 (and cases cited therein). In *Federal Insurance Co.,* we examined a specific exclusionary clause in the insurance policy that would have nullified the policy's broad grant of coverage. *Id.* at 163–65, 824 P.2d at 303–05. Because the exclusionary clause was in irreconcilable conflict with the insuring clause, we refused to enforce the repugnant exclusionary clause. To enforce the repugnant exclusionary clause would have "deprive[d] the insured of the insurance coverage which the insured reasonably understood was afforded by the policy for which premiums were paid." *Id.* at 169, 824 P.2d at 309.

As in *Federal Insurance Co.,* the effect of the exclusionary clause at issue in the instant case is to nullify a broad grant of coverage. The policy promises to cover "injury or damage for which an insured becomes legally liable," including those damages arising from wrongful eviction and other intentional torts such as libel, slander, defamation, invasion of privacy, assault, battery, and malicious prosecution. The policy promises to provide excess liability insurance for those risks that appellant was required to insure under his primary liability insurance and basic coverage for occurrences not covered by primary insurance. While the coverage sections of the policy occupy only several paragraphs, the policy exclusions cover nearly two and one half pages of the six page agreement. In addition, the title of the policy, "Personal

Umbrella Policy," connotes broad coverage. The exclusion of coverage for acts intended or expected by appellant is repugnant to the insuring clause that promises broad coverage for injuries arising from wrongful eviction. The reasonable expectations of the insured can be upheld only if the repugnant clause is not given effect. *See Federal Ins. Co.*, 113 N.M. at 169, 824 P.2d at 309.

We hold that the clause excluding coverage for "expected or intended" harm is repugnant to the clause offering coverage for wrongful eviction, and, as such, is ineffective to preclude coverage in this case. Because the exclusionary clause is ineffective and the Montoya complaint alleged sufficient facts to fall within the coverage provisions of the policy, we hold that USAA had a duty to defend appellant. The order of the district court is reversed and this action is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

MONTGOMERY and FROST, JJ., concur.