WESTERN HERITAGE INSURANCE
COMPANY, Plaintiff–Appellant,

v.

CHAVA TRUCKING, INC., also known as
Chava & Co.; Salvador Guzman doing
business as Chava Trucking, Defen-
dants–Appellees,

and

Raymond Pacheco, Personal Representa-
tive of the Estates of George J. Pacheco
and Lorraine K. Pacheco; Ron Casaus
and Julie Lopez, individually and as
next friends of, Andre Lopez, a minor;
Jesse Lopez, as next friend of Michael
Murdock a minor, Defendants–Interve-
nors.

No. 91–2199.

United States Court of Appeals,
Tenth Circuit.

April 19, 1993.

ling, Roehl, Harris & Sisk, P.A., Albuquerque, NM, were with him on the briefs) (Richard Hall, of Hall & Evans, Denver, CO, on appellant's brief), of The Connell Law Firm, Denver, CO, for plaintiff-appellant.

Mark C. Dow (Howard R. Thomas and Ruth Musgrave of Hinkle, Cox, Eaton, Coffield & Hensley, Albuquerque, NM; David M. Berlin, of Duhigg, Cronin & Spring, Albuquerque, NM, and Fred M. Calkins, Jr., Albuquerque, NM, were with him on the brief), of Hinkle, Cox, Eaton, Coffield & Hensley, Albuquerque, NM, for defendants-intervenors-appellees.

Before ANDERSON, BARRETT, and TACHA, Circuit Judges.

TACHA, Circuit Judge.

In this declaratory judgment action, Plaintiff–Appellant Western Heritage Insurance Company ("Western Heritage") appeals an order declaring on motion for summary judgment that (1) an insurance policy issued by Western Heritage to Defendant–Appellee Salvador Guzman d/b/a Chava Trucking ("Chava") provided coverage for Chava's liability regarding an auto-truck accident involving one of Chava's trucks; and (2) Western Heritage breached its duty to defend Chava in the underlying state court action. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

### I. Background

On February 19, 1989, a vehicle owned by Chava and driven by Chava employee Salvador Campos was involved in an accident ("the accident") which killed George J. and Lorraine K. Pacheco ("the Pachecos") and injured Ronnie Casaus, Julie Lopez, Andre Lopez, and Michael Murdoch. On June 2, 1989, Raymond Pacheco, the personal representative of the Pachecos's Estates, filed a wrongful death suit against Chava and its sole proprietor, Salvador Guzman, in the District Court of Bernalillo County, New Mexico. The amended complaint stated three causes of action: (1) wrongful death as the result of Campos's allegedly negligent operation of the truck;

Raymond J. Connell (Geoffrey D. Rieder and George R. McFall, of Modrall, Sper-

(2) wrongful death per se on the basis of Chava's alleged violations of various statutes and regulations; and (3) negligent entrustment.

After the Pacheco state court action was filed, several of the injured individuals and their representatives (the "Lopez Intervenors") moved to intervene.[1] The Lopez Intervenors subsequently filed a complaint substantially repeating the Pachecos's allegations and alleging that Chava negligently placed a defective vehicle on the road.

On December 11, 1989, Chava sent a letter to Western Heritage demanding that it defend Chava on the negligent entrustment count as a result of Liability Policy No. CLP0037479 ("the policy") issued by Western Heritage to Chava. Western Heritage denied coverage on March 6, 1990 and brought this declaratory judgment action on March 13, 1990, seeking a declaration that the policy provided no coverage for Chava's liability for the accident.[2] Chava counterclaimed, asking the court to declare that Western Heritage had breached its duty to indemnify and defend Chava under the policy. Raymond Pacheco and the Lopez Intervenors intervened as defendants in the declaratory judgment action and also counterclaimed, joining Chava in seeking a declaration that Western Heritage owed Chava coverage for the accident.

On cross-motions for summary judgment, the district court held: (1) the policy provided coverage for the driver's negligence leading to the accident; (2) the policy did not provide coverage for claims made directly against Chava, such as for negligent entrustment or for negligence per se based on violation of statute or regulation; and (3) Western Heritage had a duty to defend Chava in the state court action and had breached that duty. On appeal, Western Heritage argues that the district court erred in declaring that coverage existed for the driver's negligence and in declaring that Western Heritage had a duty to defend. Western Heritage also argues that summary judgment was improper because there exist genuine issues of material fact.

## II. Standard of Review

We review a trial court's grant or denial of summary judgment de novo, applying the same standards used by the district court. *Osgood v. State Farm Mutual Auto. Ins. Co.*, 848 F.2d 141, 143 (10th Cir.1988). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). In this diversity case, we ascertain and apply New Mexico law such that we reach the result that would be reached by a New Mexico court. *See Adams–Arapahoe Sch. Dist. No. 28–J v. GAF Corp.*, 959 F.2d 868, 870 (10th Cir.1992). We review de novo the district court's rulings with respect to New Mexico law. *See Salve Regina College v. Russell*, 499 U.S. 225, ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

## III. Policy Coverage

Western Heritage issued the policy to Chava for the period June 20, 1988 to June 20, 1989. The policy as originally issued provided coverage for property damage and bodily injury in connection with Chava's operations. The original policy specifically limited coverage to "[w]recking-dismantling of buildings not exceeding 3 sto-

---

1. The Lopez Intervenors consisted of Julie Lopez, individually and as next friend of the minor Andre Lopez, Ronnie Casaus, and Jesse Lopez on behalf of the minor Michael Murdoch.

2. On October 11, 1990, with the approval of the state district court, Chava settled with the Pachecos for a total of $1.2 million. The Pache-

cos received a partial payment of $400,000 from Chava through a separate automobile liability policy with the Travelers Insurance Company and an assignment of Chava's rights under the Western Heritage policy. Western Heritage declined to participate in the settlement proceedings.

ries in height" and expressly denied coverage caused by unenumerated hazards.[3] The policy also contained the following automobile exclusion:

This insurance does not apply ... (b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of

(1) any automobile or aircraft owned or operated by or rented or loaned to any insured, or

(2) any other automobile or aircraft operated by any person in the course of his employment by any insured

....

On October 31, 1988, the policy was amended by Endorsement No. 1, adding coverage for "Excavation" and "Truckmen." An undated Amended Coverage Part added the terms "Excavation 'XCU' " and "Truckmen incl. comp. ops."[4] to the description of hazards to be covered by the policy. Chava's total premium before tax for the added coverage was $15,852. Of that total, $15,318 was for Excavation coverage and $534 was for truckmen coverage. The district court concluded that the amended policy provided coverage for the accident under the truckmen provision. We agree.

 "The obligation of the insurer is a question of contract law and will be determined by reference to the terms of the insurance policy." *Knowles v. United Servs. Auto. Ass'n,* 113 N.M. 703, 832 P.2d 394, 396 (1992). The court can construe an insurance policy only where the language of the policy is equivocal, indefinite, or ambiguous. *Gamboa v. Allstate Ins. Co.,* 104 N.M. 756, 726 P.2d 1386, 1389 (1986). Whether an insurance policy is ambiguous is a question of law to be determined by the court. *Richardson v. Farmers Ins. Co.,* 112 N.M. 73, 811 P.2d 571, 572 (1991). In determining whether an ambiguity exists, we consider the policy as a whole,

*Crawford Chevrolet, Inc. v. National Hole-in-One Ass'n,* 113 N.M. 519, 828 P.2d 952, 953–54 (1992), and will find ambiguity only if the contract "is reasonably and fairly susceptible of different constructions," *Levenson v. Mobley,* 106 N.M. 399, 744 P.2d 174, 176 (1987). Where the contract is unambiguous, however, the court is bound to enforce the terms of the policy. *Sanchez v. Herrera,* 109 N.M. 155, 783 P.2d 465, 469 (1989).

 We find that the only reasonable construction of the amended policy is that the truckmen endorsement provides coverage for acts of truckmen, including the driving of trucks. The policy does not define the term "truckmen." In determining whether an ambiguity exists, "words and terms must be read in the usual and ordinary sense, unless some different meaning is required." *United Nuclear Corp. v. Mission Ins. Co.,* 97 N.M. 647, 642 P.2d 1106, 1109 (Ct.App.1982); *see also Vihstadt v. Travelers Ins. Co.,* 103 N.M. 465, 709 P.2d 187, 188–89 (1985) (defining term "accident" in its usual, ordinary, and popular sense). Webster's Third New International Dictionary defines "truckman" as "one who conveys goods by truck: a truck driver." Webster's Third New International Dictionary 2454 (1981); *cf. Federal Ins. Co. v. Century Fed. Sav. & Loan Ass'n,* 113 N.M. 162, 824 P.2d 302, 306 (1992) (referring to Webster's Third New International Dictionary to define the term "verify"). While Western Heritage contends that it did not intend to add coverage for Chava's truck drivers, it cannot escape the usual and ordinary definition of the language of the policy: a truckman is a truck driver. Therefore, the only reasonable reading of the amended policy is that the truckmen endorsement provides coverage for the acts of truckmen, including the driving of trucks.

---

**3.** The policy provided:

Coverage under this policy is specifically limited to, and applies only to, those operations as described under the DESCRIPTION OF HAZARDS SECTION of the applicable Coverage Part or Schedule designated in the Declarations Page of this policy. This policy excludes coverage as to any code or operation not specifically listed in the Coverage Part or Schedule of this policy.

**4.** The parties agree that "incl. comp. ops." means "including completed operations."

Western Heritage counters that the "clear intent" of the parties demonstrates that Chava did not purchase insurance for its trucks. Western Heritage points out that the insurance agent who issued the policy did not believe the endorsement added coverage, that Mr. Guzman stated in a deposition that he questioned whether the endorsement added coverage, and that the relatively small premium—$534—strongly suggested that the endorsement did not provide added automotive liability coverage.

We first point out that, because we find the language of the policy to be unambiguous, our task is only to apply the terms of the contract, not to construe those terms. *See Sanchez*, 783 P.2d at 469. Furthermore, this extrinsic evidence does not alter our conclusion that the terms of the policy are unambiguous. The New Mexico Supreme Court recently held that, "in determining whether a term or expression to which the parties have agreed is unclear, a court may hear evidence of the circumstances surrounding the making of the contract and of any relevant usage of trade, course of dealing, and course of performance." *C.R. Anthony Co. v. Loretto Mall Partners*, 112 N.M. 504, 817 P.2d 238, 242–43 (1991) (footnote omitted). The court explained that, although the parol evidence rule bars the admission of evidence for the purpose of contradicting or supplementing the terms of a contract, such evidence is admissible for the purpose of explaining the existing terms. *Id.* at 243; *see, e.g., Crawford Chevrolet*, 828 P.2d at 954–55 (reviewing parties postformation correspondence, which used the terms "shots" and "players" interchangeably, to conclude that the term "shots" was ambiguous in an insurance contract for a golf tournament hole-in-one contest).

The extrinsic evidence proffered by Western Heritage, however, does not clarify or explain the term "truckmen." Indeed, the parties agree that a truckman is a person who drives trucks. Rather, Western Heritage seeks to supplement the terms of the contract by adding the implied exclusion of truck driving from the covered activities of truckmen. Western Heritage

does not persuade us that the circumstances surrounding the making of the contract or the parties' course of dealing create an ambiguity in the policy.

■ We also reject Western Heritage's contention that coverage for the accident is precluded by the automobile exclusion. As previously discussed, Chava added coverage for its truck drivers when it amended the policy to include coverage for truckmen. Where the terms of an insurance policy and a provision in a rider conflict, the rider prevails. *Ohio Casualty Ins. Co. v. American Ins. Co.*, 75 N.M. 576, 408 P.2d 500, 502 (1965). Thus, when Chava added coverage for its truck drivers under the truckmen endorsement, it overrode the automobile exclusion to the extent that any liability arose under the added language.

■ Finally, we reject Western Heritage's contention that genuine issues of material fact preclude summary judgment. Western Heritage contends that there is a dispute regarding whether the Amended Coverage Part and Endorsement No. 1 were issued simultaneously or whether the Amended Coverage Part was issued before Endorsement No. 1. It also contends that there is a dispute as to whether the Amended Coverage Part included the automobile exclusion on its backside. Western Heritage deems these allegedly disputed facts material because it argues that a simultaneously issued automobile exclusion would limit the truckmen coverage provided in Endorsement No. 1. We disagree.

■ Under New Mexico law, exclusions are to be construed narrowly, *Estep v. State Farm Mutual Auto. Ins. Co.*, 103 N.M. 105, 703 P.2d 882, 884 (1985), and will not be enforced where they irreconcilably conflict with the insuring clause, *Knowles*, 832 P.2d at 398. Western Heritage argues that the truckmen provision and the automobile exclusion are reconcilable in that the policy would provide coverage for the nondriving activities of truckmen such as "stockpiling materials" and would insure against the truckmen's nontrucking activities such as negligently threatening an invi-

tee in the yard where the trucks are parked.

We find that this "reconciliation" is unreasonable as a matter of law. A policy exclusion is repugnant to an insuring clause "when, rather than creating a specific exception to a broad grant of coverage, an exclusionary clause simply nullifies the grant." *Federal Ins.,* 824 P.2d at 309. Rather than strain common sense by construing the antagonistic provisions to reach harmony under Western Heritage's interpretation and hypotheticals, we follow the New Mexico Supreme Court and conclude that the alleged exclusion, "read straightforwardly and without a strained interpretation, is simply repugnant to the insuring clause and [would] not be given effect." *Id.* at 308; *see also Knowles,* 832 P.2d at 399 (finding exclusion for "expected or intended" harm in irreconcilable conflict with clause insuring wrongful eviction and other intentional torts). Therefore, Western Heritage's alleged factual disputes regarding the timing and content of the Amended Coverage Part are immaterial.

### IV. Duty to Defend

Western Heritage also appeals the district court's determination that it breached its duty to defend the Pachecos in the state court action. The duty to defend is distinct from, and broader than, the duty to indemnify. *See Foundation Reserve Ins. Co., Inc. v. Mullenix,* 97 N.M. 618, 642 P.2d 604, 605–06 (1982). "The insurance company is obligated to defend when the complaint filed by the claimant alleges facts potentially within the coverage of the policy." *State Farm Fire & Casualty Co. v. Price,* 101 N.M. 438, 684 P.2d 524, 528 (Ct.App.), *cert. denied,* 101 N.M. 362, 683 P.2d 44 (1984). Thus, the insurance company may refuse to defend only where the allegations are completely outside the policy coverage. *Id.* The duty to defend can arise at any time during the course of the litigation if the issues change so as to bring the dispute within the scope of the policy coverage. *American Gen. Fire & Casualty Co. v. Progressive Casualty Co.,* 110 N.M. 741, 799 P.2d 1113, 1116 (1990).

The policy establishes the scope of Western's duty to defend:

The company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of

A. bodily injury or

B. property damage

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent....

Although certain claims in the underlying state court action may have been outside the policy, other claims clearly were within the scope of the policy. Our finding of liability under the truckmen provision establishes the duty to defend as a matter of law. Although Western Heritage correctly notes that the duty to defend is not triggered where a policy exclusion clearly precludes coverage, *see Insurance Co. of N. Am. v. Wylie Corp.,* 105 N.M. 406, 733 P.2d 854, 857 (1987), the policy exclusion in this case was negated by the truckmen amendment and thus could not serve as the basis for a refusal to defend.

We conclude that, under the unambiguous terms of the policy, Western Heritage must indemnify Chava's liability arising out of the accident and has breached its duty to defend in the underlying state court action. Because the undisputed material facts establish Western Heritage's liability as a matter of law, the order of the district court is **AFFIRMED.**