25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 FARMERS ALLIANCE MUTUAL INSURANCE CO, Plaintiff-Appellee,
v.
Cody RIZZO, Defendant-Appellant.
 No. 93-2027.
 United States Court of Appeals, Tenth Circuit.
 June 6, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and VAN BEBBER, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 VAN BEBBER, District Judge.
 
 
 4
 In this declaratory judgment action, defendant-appellant, Cody Rizzo, appeals the district court's order granting summary judgment in favor of the plaintiff-appellee Farmers Alliance Mutual Insurance Company. Appellant argues the district court erred in finding that no genuine issue of material fact existed regarding coverage under the insurance policies at issue in the case and in finding that plaintiff had submitted adequate support for its motion for summary judgment. We exercise jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 I. Background
 
 5
 On January 22, 1990, 14-year-old Jason Seifried was killed during a school hallway fight with 17-year-old Cody Rizzo. This declaratory judgment action was thereafter filed by Farmers Alliance, the insurer in two liability policies issued to Cody Rizzo's grandparents and legal guardians, Leo Rizzo and Carol Rizzo. Farmers Alliance filed the action seeking a determination that it owed no defense to the defendant Cody Rizzo, Leo Rizzo or Carol Rizzo under the terms of the two policies, and that plaintiff would not be liable under those policies either to the Rizzos directly, or indirectly to Mark and Starr Seifried, personal representatives of the estate of Jason Seifried.
 
 
 6
 The district court entered summary judgment pursuant to Fed.R.Civ.P. 56(c) for Farmers Alliance. The district court held that Cody Rizzo committed intentional acts which caused the death of Jason Seifried and cannot claim that his actions were accidental. Thus, the court held that an "occurrence" never arose which would afford coverage under the terms of the Rizzos' primary policy. The court also held that even if Jason Seifried's death was an occurrence, coverage under the primary policy would be denied based upon an exclusionary clause which excludes coverage for intentional injury or damage. As to the excess policy, the district court held that Cody Rizzo's actions were intentional and therefore no "occurrence" arose which would give rise to coverage. Alternatively, the court held that coverage for his intentional actions would be denied under the plain language of the excess policy's grant of coverage.
 
 II. Standard of Review
 
 7
 We review the district court's ruling on summary judgment de novo, applying the same standard as the district court. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991).
 
 III. Facts
 
 8
 The facts of this case are largely uncontroverted. Cody Rizzo was a 17-year-old student at Los Lunas High School in New Mexico. Jason Seifried was a 14-year-old student. For several weeks prior to January 22, 1990, Cody had heard that Jason was making derogatory remarks about Cody's girlfriend. Sometime prior to January 22nd, Cody tried to scare Jason in an attempt to stop Jason from making the remarks. On January 19, 1990, Cody and Jason were summoned to the office of the Los Lunas principal to discuss the situation, and both indicated they wanted no problems.
 
 
 9
 Despite the meeting with the principal, on January 22, 1990, the two met in the hallway at the high school and a fight ensued. Cody Rizzo struck and kicked Jason Seifried more than once during the fight. Jason did not strike Cody. Jason was rendered unconscious and died subsequent to the fight. The medical examiner concluded that Jason died of blunt trauma to his head and chest.
 
 
 10
 At the time of Jason's death, plaintiff-appellee had issued two policies of liability insurance to Cody's legal guardians, Leo and Carol Rizzo. The first policy was a Farmowners-Ranchowners Policy [the primary policy]. The second policy was for Personal Excess and Catastrophe Liability Coverage [the excess policy]. The parents of Jason Seifried filed an action for wrongful death against Cody Rizzo. Farmers Alliance was notified of the claim, tendered a defense, and filed this action seeking a declaratory judgment that there was no coverage for Cody Rizzo's actions.
 
 IV. Discussion
 
 11
 Appellant first argues that the district court erred in finding that no genuine issue of fact remained concerning the existence of coverage under the insurance policies at issue in this case. Specifically, appellant argues that the court incorrectly concluded that Cody Rizzo's actions were intentional and not an "occurrence" entitled to coverage under the terms of the Rizzos' insurance policies. Appellant contends a genuine issue of material fact exists concerning his intent and that summary judgment was therefore inappropriate.
 
 
 12
 Under the terms of primary policy, Farmers Alliance agrees to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damages, to which this insurance applies, caused by an occurrence." The primary policy defines an "occurrence" as "an accident, including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage." The primary policy also contains an exclusionary clause for "bodily injury or property damages which is either expected or intended from the standpoint of the insured."
 
 
 13
 The excess policy held by the Rizzos limits Farmers Alliance's coverage to personal injury or property damage "due to each occurrence," and defines an "occurrence" as "an accident, including continuous or repeated exposure to the same conditions, which results during the policy period in personal injury or property damage, neither expected nor intended by you." Under the terms of both policies at issue, coverage exists for damages caused by an accident because an accident qualifies as an "occurrence." Intentional acts are excluded from coverage under the primary policy due to the exclusionary clause, and are not covered under the express language of the excess policy. Thus, the nature of Cody Rizzo's actions--whether intentional or accidental--determines both whether his actions are covered under the policies as an occurrence and whether his actions are excluded as intentional acts.
 
 
 14
 Under New Mexico law, "[t]he obligation of the insurer is a question of contract law and will be determined by reference to the terms of the insurance policy." Knowles v. United Servs. Auto. Ass'n, 832 P.2d 394, 396 (N.M.1992). Here, coverage for Cody Rizzo's actions in causing the death of Jason Seifried hinges upon whether his actions were intentional or were accidental. The term "accident" is not defined in the insurance policies. "Whenever the word 'accident' is not defined in the insurance policy, 'the word must be interpreted in its usual, ordinary and popular sense.' " Vihstadt v. Travelers Ins. Co., 709 P.2d 187, 188 (N.M.1985) (quoting Watson v. Western Cas. & Sur. Co., 382 P.2d 723, 725 (N.M.1963)). In Vihstadt, the New Mexico Supreme Court went on to quote several definitions of the word "accident," among them: " 'an unlooked for mishap, or an untoward event which is not expected or designed,' " Id. (quoting Webb v. New Mexico Publishing Co., 141 P.2d 333, 336 (N.M.1943)), and " 'an event occurring without design or purpose, or unintentionally on the part of the assured.... [However, the definition of 'accidental'] does not include the result of wilful design,' " Id. (quoting King v. Travelers Ins. Co., 505 P.2d 1226, 1229 (N.M.1973)).
 
 
 15
 Appellant contends that Cody Rizzo's striking Jason Seifried should be covered as an occurrence under the liability policies because Cody Rizzo lost control over his impulses and did not intend to strike or injure Jason Seifried. Appellant asserts that a genuine issue of material fact exists regarding Cody's intent at the time of the fight because he has been diagnosed with a mental disorder known as Intermittent Explosive Disorder [IED] which causes persons suffering from it to lose the ability to control their aggressive impulses. The evidence submitted by appellant in support of this argument includes Cody Rizzo's deposition testimony and a sworn statement that he "lost it" or "lost control" at the time of the fight and a report by psychologist Julie McKinley that Cody suffers from IED. In making this argument, appellant points to cases decided in jurisdictions other than New Mexico in which courts have held that mental incapacity can avoid the application of liability policy clauses exempting coverage of intentional acts. See, e.g., Globe Amer. Cas. Co. v. Lyons, 641 P.2d 251, 254 (Ariz.Ct.App.1982).
 
 
 16
 Upon review of the portions of the record submitted by appellant in response to Farmers Alliance's motion for summary judgment, we conclude that there was insufficient evidence before the district court to create a genuine issue of material fact concerning Cody's mental state at the time of the incident. Appellant submitted no sworn testimony or affidavit from a psychologist or other mental health professional stating that Cody suffered from IED at the time of the fight or that he was mentally incapable of forming the requisite intent to injure at that time. The report of Dr. McKinley wherein she diagnosed Cody with IED states only that he appeared to suffer from the disease at the time she examined him--eight months after the incident. Nowhere in Dr. McKinley's report does she conclude or hypothesize that Cody was under the influence of Intermittent Explosive Disorder at the time of the incident or that he was incapable of controlling his actions on January 22, 1994. Standing alone, the statements in Cody Rizzo's affidavit and deposition testimony that he "lost it" or "lost control" when he hit Jason Seifried are insufficient to establish that he lacked the mental capacity to intend to strike or harm Jason Seifried. Moreover, Cody Rizzo's affidavit states that subsequent to the January 22nd incident he was diagnosed with IED.
 
 
 17
 It is the law of the state of New Mexico that an exclusionary clause in an insurance contract excludes harm of the same general type as the insured intended. Knowles v. United Servs. Auto. Ass'n, 832 P.2d 394, 397 (N.M.1992). Undisputed facts before the district court established that Cody Rizzo struck and kicked Jason Seifried more than once and that Jason Seifried did not strike Cody Rizzo. That Cody Rizzo may not have intended to kill Jason Seifried does not transform his action into an "accident" covered by his guardians' liability insurance. See Knowles, 832 P.2d at 397 (rejecting interpretation of insurance contract exclusionary clause that would exclude coverage only if the insured intended the exact harm which resulted). Without any evidence establishing that Cody Rizzo suffered from IED at the time of the incident, the trial court was correct to conclude that no genuine issue of fact existed as to Cody's intent to injure Jason Seifried. Intentional injuries are not "accidents" under the common usage of that term, and are thus not "accidents" covered by the Rizzo's liability insurance policies. Coverage for intentional acts is also denied based upon the exclusionary clause in the primary policy, as well as the express language of the excess policy.[1]
 
 
 18
 In addition to his argument concerning whether a genuine issue of fact exists concerning Cody Rizzo's mental capacity at the time of the fight, appellant also argues that the district court should have denied plaintiff-appellee's motion for summary judgment because it was not properly supported. Appellant contends that numerous unsworn witness statements submitted by Farmers Alliance in support of its motion for summary judgment are hearsay and should not have been considered by the district court. Further, appellant argues that without the unsworn statements, there was insufficient support for the motion and it should have been denied.
 
 
 19
 In support of its motion for summary judgment, Farmers Alliance submitted fifty unsworn statements from witnesses of the fight between Cody Rizzo and Jason Seifried, the handwritten statement of Cody Rizzo, a sworn statement of Cody Rizzo, and an autopsy report from the State of New Mexico Medical Investigator. The district court concluded that the unsworn statements were admissible under the "catchall" exception to the hearsay rule, Fed.R.Evid. 803(24) and considered them. However, the court also expressly held that even if the statements were found inadmissible, Farmers Alliance had provided adequate evidence to support the motion in the sworn statement of Cody Rizzo and the medical examiner's report showing the cause of death. Appellant does not challenge the use of the sworn statement or the medical examiner's report, but argues that the facts they establish are not adequate to support Farmers Alliance's motion for summary judgment.
 
 
 20
 Only admissible evidence may be considered by a court when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir.), cert. denied, 474 U.S. 823 (1985). We conclude that even without the unsworn witness summaries, there was adequate support for plaintiff-appellee's motion for summary judgment. Cody Rizzo's sworn statement, together with the autopsy report, establish that Cody struck Jason more than once, that Jason did not strike Cody, and that Jason died of blunt trauma to the head and chest. Because there was no genuine issue of material fact concerning Cody Rizzo's mental capacity at the time of the fight, the above-listed facts are sufficient support for the district court's conclusion that Cody Rizzo's actions were not an accident covered by the Rizzos' insurance policies. The question of the admissibility of the unsworn witness statements under Fed.R.Evid. 803(24) does not affect our decision in this case, and therefore, we do not reach the issue.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The Honorable G. Thomas Van Bebber, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 In light of our conclusion concerning the lack of evidence before the district court, we do not reach the issue of whether Intermittent Explosive Disorder is a mental illness which could negate an individual's intent to commit a battery of another person