**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SAFECO INSURANCE COMPANY
OF AMERICA,

     Plaintiff-Appellee,

v.

KATIE MARES,

     Defendant - Cross-Claimant -
Appellant,

MARIE SALAS, individually and as
personal representative of the Estate of
Margarito Montoya,

     Defendant - Cross-Defendant.

No. 02-2164
(D. N.M.)
(D.Ct. No. CIV. 01-0960-PJK/RLP)

**ORDER AND JUDGMENT**[*]

Submitted on the briefs.[**]

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Emily A. Franke, and James H. Johansen of Butt Thornton & Baehr PC, Albuquerque, New Mexico, for Plaintiff-Appellee.

Ron Morgan, and Mark Goodman, of Morgan Law Office, Limited, Albuquerque, New Mexico, for Defendant - Cross-Claimant - Appellant.

———————————

Before **HENRY** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

———————————

Katie Mares appeals a district court's grant of summary judgment against her and its resulting declaratory judgment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

## I. Background

The facts giving rise to this suit are simple and uncontested. Mr. Margarito Montoya, a minor, attended a birthday party at Ms. Mares' home. During the course of the party, Mr. Montoya took Ms. Mares' all-terrain vehicle from her home and drove it off the premises. While he was away from the

---

[1] While this appeal was pending, the preliminary record before us revealed certain claims remained unresolved in the district court and its decision was therefore not a final appealable decision. We issued a show cause order directing the parties to secure from the district court an order "either granting certification under Fed. R. Civ. P. 54(b) as to the order appealed or explicitly adjudicating all remaining claims" (emphasis omitted). The district court subsequently granted a "Fed. R. Civ. P. 54(b) certification of [its] Memorandum Opinion and Order and resulting Declaratory Judgment." As mentioned above, we conclude we may now properly exercise jurisdiction under 28 U.S.C. § 1291.

premises, he was involved in an accident with the all-terrain vehicle that resulted in his death.

Marie Salas, individually and as personal representative of Mr. Montoya's estate, commenced an action for negligence against Ms. Mares in a New Mexico district court. Safeco Insurance Company of America, the carrier of Ms. Mares' homeowners insurance policy, began defending Ms. Mares in this action under a reservation of rights. Safeco then filed this declaratory judgment action in the United States District Court for the District of New Mexico, asking for a declaratory judgment that it "does not owe a duty to defend or indemnify [Ms.] Mares because the acts alleged in the ... lawsuit [in state court] are not covered by the policy in question."

Ms. Mares moved to dismiss the declaratory judgment action under Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. The district court denied the motion. The parties subsequently filed cross-motions for summary judgment. The district court granted Safeco's motion and denied Ms. Mares' motion. The court entered a declaratory judgment in favor of Safeco, stating Safeco "has no duty to defend or indemnify its named insured, [Ms.] Mares, under [her] homeowners policy ... in connection with the lawsuit [in state court]."

Ms. Mares appeals.


## DISCUSSION

On appeal, Ms. Mares argues (1) her homeowners insurance policy grants coverage for her negligent conduct alleged in the state court lawsuit; (2) there are genuine issues of material fact that preclude summary judgment; and (3) "the district court's exercise of jurisdiction in place of the original State court proceeding was unnecessary and best reconsidered."


### A. Jurisdiction

As an initial matter, we reject Ms. Mares' argument that the district court erred in denying her request it "decline jurisdiction and defer to the pending state court action for the resolution of these [insurance] coverage questions." Ms. Mares believes "comity and other related issues ... advise against this matter being heard in a forum separate from the underlying state court." She is also concerned Safeco "will undoubtedly attempt to use its declaratory judgment to avoid responsibility under its policy, regardless of any findings made in the state court action, thus setting up a conflict between the two rulings." We review the district court's decision to exercise jurisdiction over a declaratory judgment action for an abuse of discretion. *See Kunkel v. Continental Cas. Co.*, 866 F.2d

1269, 1273 (10th Cir. 1989).

The district court, in arriving at its decision, evaluated the factors adopted by the Supreme Court in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), and by this court in *State Farm Fire & Casualty Co. v Mhoon*, 31 F. 3d 979 (10th Cir. 1994). We need not repeat the district court's evaluation as it is clearly set forth in its order denying Ms. Mares' motion to dismiss or for judgment on the pleadings. There exists no error in this evaluation. We conclude the district court did not abuse its discretion in exercising jurisdiction.

## B. Insurance Coverage

Ms. Mares next argues her homeowners insurance policy covers the negligence lawsuit in state court. In order to address the merit of this argument, we review the relevant language in Ms. Mares' homeowners policy.

The homeowners insurance policy in this case obligates Safeco to pay damages "for which the insured is legally liable" and "provide [the insured with] a defense at [Safeco's] expense" in the event "a suit is brought against [the] insured for damages because of bodily injury or property damage caused by an occurrence to which th[e] coverage applies." An occurrence is "an accident,

including exposure to conditions which resulted in ... bodily injury ... or ... property damage."

The policy specifically excludes coverage for bodily injury and property damage "arising out of the ownership, maintenance, use, loading or unloading of ... motorized land vehicles ... owned or operated by or rented or loaned to [the] insured." There is an exception to this exclusion, however, covering "a motorized land vehicle designed for recreational use off public roads, not subject to motor vehicle registration, licensing or permits and ... owned by [the] insured, while on an insured location." An "insured location" in relevant part is "the residence premises" and "that part of any other premises, other structures and grounds, used by [the insured] as a residence." If a motorized land vehicle is not covered under the policy language above, the insurance policy excludes coverage for bodily injury and property damage "arising out of: (1) the entrustment by any insured to any person; (2) the supervision by any insured of any person; [or] (3) any act, decision or omission by any insured ... with regard to [the] ... motorized land vehicle." Neither party contests an all-terrain vehicle is "a motorized land vehicle."

Ms. Mares believes she is covered under this policy because she "allegedly

exposed [Mr. Montoya] to the [all-terrain vehicle] at her home, *i.e.*, 'while on an insured location.'" She made a similar argument before the district court. The district court rejected the argument on summary judgment, concluding "whether the accident occurred on an insured location" "must be determined at the *time of the accident*." Since the accident in this case occurred away from the insured location, the court held "the theories of liability advanced in the underlying [state court] lawsuit, to the extent they result in occurrences, are addressed by this policy and coverage is excluded."

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. *Byers v. City of Albuquerque,* 150 F.3d 1271, 1274 (10th Cir. 1998). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

After reviewing the insurance policy and Ms. Mares' argument, we conclude the district court correctly held the policy did not provide coverage in this case. The parties agree the accident did not occur "while on an insured

location." There is no liability coverage for an all-terrain vehicle operated off the insured premises. Although Ms. Mares' alleged negligence may have occurred at her home, coverage explicitly turns on the "accident" (which includes an "exposure to conditions") that directly resulted in "bodily injury." It does not turn on the alleged acts that might have proximately caused the injury. In this case, the "accident" occurred away from an insured location, and, therefore, the policy did not provide coverage. The language and meaning of the policy could not be more clear.

Ms. Mares claims this interpretation creates an "irreconcilable conflict" in the policy because it grants coverage for her negligence while the all-terrain vehicle is on the premises but revokes coverage for her negligence "from the point in time when the [all-terrain vehicle] leaves the insured location." We see no "irreconcilable conflict" between the exclusionary clause and the insuring clause. "The fact that a particular policy contains a broad coverage provision followed by a specific coverage exclusion does not automatically render the policy ambiguous or invalidate the exclusion." *New Mexico Physicians Mut. Liab. Co. v. LaMure*, 860 P.2d 734, 737 (N.M. 1993). The policy language in this case unambiguously denies coverage for "bodily injury or property damage ... arising out of the ownership ... [or] use ... of ... motorized land vehicles" unless

-8-

the vehicle is "owned by any insured" and the injury or damage occurs "while on an insured location." While the exclusion in this case may deny coverage in certain circumstances, it "is not so broad or nebulous that it swallows and effectively nullifies a broad insuring clause." *Id*.

Ms. Mares also argues that New Mexico public policy on insurance law supports her construction of the insurance policy language. She claims "ambiguity exists" in the insurance policy and public policy requires us to narrowly construe the exclusionary clause "with the reasonable expectations of the insured ... as the basis for [our] analysis." *See Knowles v. United Servs. Auto. Ass'n*, 832 P.2d 394, 396 (N.M. 1992). Ms. Mares, however, attempts to fashion ambiguity from the policy language where none exists.[2] For this reason, her argument must fail. *See King v. Travelers Ins. Co.*, 505 P.2d 1226, 1231 (N.M. 1973) ("Where there is no ambiguity the court must construe the language of a policy in accordance with the plain, ordinary meaning of its terms." (Quotation marks and citation omitted.))

---

[2] Ms. Mares cites two cases from other jurisdictions as supporting her contention the phrase "'while on an insured location' is in fact subject to more than one interpretation." *See United Servs. Auto Ass'n v. Vogel*, 733 So.2d 401 (Ala. Civ. App. 1998); *Meister v. Utica Mut. Ins. Co.*, 573 So.2d 128 (Fla. Dist. Ct. App. 1991) (per curiam). We are not persuaded. These cases involve different policies with different policy language.

In sum, we conclude the district court correctly interpreted the insurance policy language in this case. We agree with the district court that "the theories of liability advanced in the underlying [state court] lawsuit, to the extent they result in occurrences, are addressed by this policy and coverage is excluded."

## C. Genuine Issues of Material Fact

Finally, Ms. Mares argues there exist "genuine issues of material fact and inadequate discovery concerning the coverage dispute," either of which operates to defeat the summary judgment. As mentioned above, we review de novo the district court's decision to grant summary judgment, applying the same standard as the district court. *See Byers*, 150 F.3d at 1274.

Ms. Mares argues the insurance policy is ambiguous, and, therefore, there are genuine issues of material fact as to whether she has coverage under the circumstances. By way of affidavit, she offers her "reasonable expectations" of what the policy should cover. She also points to an affidavit from an insurance expert who concluded "potential coverage exists here – depending upon future discovery." She believes she may have coverage if her "actions caused the exposure to the condition resulting in injury."

We reject Ms. Mares' argument.  Despite the affidavits mentioned above, we have already determined the plain language of the insurance policy does not grant coverage for "the theories of liability advanced in the underlying [state court] lawsuit."  We can find no genuine issues of material fact as to this issue.

In a related argument, Ms. Mares asserts the district court should have postponed summary judgment under Fed. R. Civ. P. 56(f) so she could "develop[] the factual basis supporting the reasonableness of her expectations."  She believes "discovery w[ill] reveal facts that would establish Safeco's anticipation of coverage under these circumstances."  She complains the district court did not allow her "the opportunity to discover her claim file, to discover any Safeco manual or document explaining th[e] endorsement, and to obtain testimony about the extent and application of the [pertinent policy language]."  She believes this evidence will "implicate[] coverage for [her] motorized recreational vehicle."

"We review a district court's denial of a Rule 56(f) motion for an abuse of discretion."  *Jensen v. Redev. Agency of Sandy City*, 998 F.2d 1550, 1553 (10th Cir. 1993).  "[T]he party filing the [Rule 56(f)] affidavit must show how additional time will enable him to rebut the movant's allegations of no genuine issue of fact."  *Id*. at 1554  (quotation marks and citation omitted).  "[I]f the party

filing the Rule 56(f) affidavit has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted." *Id.*

In light of our previous discussion, we question the relevance of Ms. Mares' desire to discover facts supporting her "reasonable expectations." We do not believe they are "essential to justify [her] opposition [to summary judgment]." Fed. R. Civ. P. 56(f). In any event, after reviewing her Rule 56(f) request, we agree with the district court that "[h]er Rule 56(f) presentation ... does not explain how additional discovery will enable her to oppose the operative facts contained in the [summary judgment] motion." As to her claim additional evidence will "implicate[] coverage for [her] motorized recreational vehicle," we also agree with the district court that this claim is "unverified, does not contain any basis to conclude it is likely that such information exists, and does not indicate what steps have been taken to obtain such information." Finally, although this action had been "pending for several months" before the district court, Ms. Mares never explains why she had not yet discovered the above information. It is not enough to merely assert the desired evidence "is in the hands of the [opposing party]." *Jensen*, 998 F.2d at 1554. Under these circumstances, we conclude the district court did not abuse its discretion in denying Ms. Mares's Rule 56(f) request.

## III  Conclusion

For the reasons discussed above, we **AFFIRM** the judgment of the district court.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge